Sunk Park on behalf of the appellant. May it please the court. The claim in this case is the ineffective assistance of counsel claim for a couple reasons. One was that the counsel failed to sever the possession of marijuana and the possession of gun by an ex-felon charges from the rape and the kidnapping charges. The government doesn't argue that had the attorney made the motion that it would not have been granted. It appears that there is sufficient case law to support that it would have been granted. Therefore, the government argues only that the appellant failed to show prejudice in this case. And we would respectfully disagree with that. The evidence for these two charges, the possession of marijuana and possession of a gun by an ex-felon, would not have been admitted in the sexual cases. Well, the government argues that because the state court concluded that that's the way this charge of ineffective assistance of counsel ought to be resolved. Is that right? That's correct. I mean, the state court's decision is we may reject the defendant's claim even without evaluation of performance if defendant fails to make the requisite showing a prejudice. That's correct. So that's the way the state court resolved this. Right. It made a legal conclusion that the – in state proceedings that the defendant had not presented enough prejudice. And this is a habeas case. Is that right? Excuse me? This is a habeas case? Yes, it is. So where does that leave us in terms of our review of the state court's conclusion that there was no prejudice? Well, it's a legal conclusion. It's not a factual determination. Therefore, this court has to review whether the state court erred in making its legal conclusion that there was no prejudice. In this case, we are arguing that there was because, first of all, the evidence were not cross-admissible in this case. Not only that, had the cases been – the charges been severed, the jury would not have found out that appellant was also being prosecuted for other crimes. Not only that, they would not have found out that he had suffered a prior, because the charge was being in possession of a gun by an ex-felon. And the appellant had to admit that he had suffered a prior conviction. So the jury would not have found out about his prior felony conviction. In addition to that, the evidence against the possession of marijuana charge and the being in possession of – by an ex-felon charge was much stronger than the sexual charges. As we argued in the brief, the evidence showed that it could have been a consensual sexual relationship between the victim and appellant. So if we take the Bean case, where the test is whether the evidence is cross-admissible, whether the stronger case has been joined with the weaker case, it fits right under the Bean case. In this case, the evidence could not have been cross-admissible. And clearly, the possession of marijuana and the gun charge were stronger. And just to show that the jury was confused because of the joinder issue was the fact that the jury convicted the appellant of kidnapping charges when there were insufficient evidence. And ultimately, the kidnapping convictions were reversed by the California Court of Appeals. Now, that shows that the jury could have convicted the appellant with kidnapping simply because they found out about his felony – prior felony conviction as well as the fact that he was being prosecuted for two other crimes in the same trial. Now... Help me out. This is on habeas, right? That's correct, Your Honor. And we have to do more than just try to have 20-20 hindsight. We have to say that the state courts were unreasonable when they said that essentially it wouldn't make any difference if this had been suffered. He would have been convicted of these charges. So what is the strongest authority on severance under our current habeas law that said that it was unreasonable for the state court not to sever? Well, this is, again, IAC claim, ineffectiveness of counsel claim, and Strickland, under Strickland, there are two-pronged – it's a two-pronged test that it has to be unprofessional conduct by the attorney and the prejudice. Yeah, well, what's the strongest – because you've got a double-barreled problem here. You've got Strickland and you've got habeas. But it should apply the de novo review to find whether it was unreasonable. Did you read the magistrate's report and recommendation? Yes, I did. All right. And then so I'm sure you're clear that the law requires – the law says the court defers to state court resolution of federal constitution issues unless its decision is either contrary to or involved in unreasonable application of clearly established federal law. So that's what Judge Schroeder is asking you to address. Why does this involve – why is this contrary to or an unreasonable application of clearly established federal law? Okay. The clearly established federal law is the Strickland v. Washington. It's the IAC. The trial attorney erred in failing to sever the charges. Now – But Strickland says you can jump over that and go right to prejudice. And that's what the state court did here. That's correct. And – So that's what we're dealing with. We are asking the court to revisit that conclusion by the state court. Well, we can't do that. We can't just say this is what we would have found looking at the record. We don't revisit the state court's conclusion. We can revisit the district court's, but not the state court's. Well, it's a legal conclusion that needs to be reviewed by this court, whether the state court properly made that constitution. We don't know whether it was an unreasonable application of, not whether it was proper. We've gotten swatted down a number of times by the Supreme Court in the last year because we did exactly what you're asking us to do, which might make sense in another system. But EDPA and the Supreme Court have told us, exactly as I read to you, that it has to be exactly as I described it, contrary to or an unreasonable application of federal law. So this not only has to be wrong, but it has to be unreasonable. That's correct. And our argument is that it was unreasonable because. Okay. Why? Why? Because it was prejudicial. That's a tautology. Okay. Well, so I was just asking you to give me an example of a case where we held that, where any case held that it was unreasonable. Well, not under the IAC claim, but under due process violation claim. This court did that in Dean. Dean. That's correct, Your Honor. Okay. Thank you. Should I address the second issue? Well, you've got a minute left. Okay. With the prior sexual abuse allegation, the trial court and the court of appeals basically made a conclusory finding that the trial attorney could not come up with anything after the investigation. But that's purely conclusory. And we asked for an evidentiary hearing to determine whether the trial counsel appropriately investigated that issue or not. Okay. Thank you. You've got half a minute left. Good morning, Your Honor. Marvin Mizell, Deputy Attorney General for Respondent Warden. Your Honors, number one, this was not contrary to Strickland, of course, because the California Court of Appeal applied Strickland in this case. So the contrary two-prong is pretty much not an issue here. As the court pointed out, the only issue is whether the state court, the California Court of Appeal, properly, well, reasonably applied Strickland in this case. An argument is simply that the California Court of Appeal did so and that the district court was correct in finding that. And this is why. Number one, assuming that the severance would have been granted, and that's simply assuming, we don't concede that point, but this is what we can do that under Strickland, as the court has pointed out, is talk about prejudice. Number one, unlike in, I will use the Bean case as well, unlike in Bean, what you had here, you had strong evidence on both sets of crimes. Of course, the gun charge and the drug charge were pretty much, I mean, there was nothing to argue. They went into Petitioner's house, found the gun, found the drugs, and he admitted they were his. End of story. However, the sexual charges here, the rape charges, were equally as strong. If you look at it, Lakeisha's testimony not only was consistent, but her accounts of her family members. She told her uncles, she told Nicole, who was her uncle's cousin, she told her grandmother, she told the doctors, she told officers, she told all of them the same consistent story of how, the same consistent account of how Petitioner had raped her three times. There was also cooperating evidence. You had two doctors here, Dr. Sheraton and Dr. Mamo. Dr. Mamo found that she was a rape victim. Dr. Sheraton, who was a specialist in child abuse cases, found, I want to get the language right, and that normal, unusual abuse was highly suggested by her physical exam. Also, Dr. Sheraton, the expert, said that it was unusual for a victim to come forward immediately, unless it was a stranger who had, in fact, done the rapes. And in this case, it wasn't a stranger. It was a family friend. Also, as found by the California Court of Appeal, the court instructed them that each count charges a distinct crime, and also to decide each count separately. And that's something, again, that's discussed in Beane. And also, I should say, Davis v. Woodford, which was the other case this court put in the Certificate of Appealability. And also, what's also important in this case is that the prosecutor did not argue. Unlike in Beane, the prosecutor here did not argue all of these counts together. The prosecutor argued them separately and did not say that one caused the other. So when we look at it, what we have is, we don't have that spillover effect here, as I've pointed out. Now, assuming, again, these are also the Beane and Davis cases, we should also look at the fact, again, that the evidence of these were actually fairly simple and distinct. You had the evidence of the rapes and the evidence of the gun, and the drugs came after all that evidence. It was simply something that they found when they were going, basically, to pick a petitioner to arrest him. And so, for all of those reasons, the state court reasonably applied Strickland in this case, and the district court made the proper finding on that. It was not contrary to or unreasonably application of Strickland. Now, very briefly on the second issue, Petitioner's counsel mentioned the fact that the court made a conclusionary factual finding here. That's not the case. If you look at Taylor v. Maddox, which is the case that was cited by Petitioner, I believe, in his opening brief to this court, of course, the state court has to make a reasonable determination on the facts in light of the evidence in the state court proceeding. If you look at what happened here, the state court, what happened was, is that they made a finding at a margin here. And so, unlike in Taylor, which I believe there was no hearing at all, if I'm getting that right. I could be wrong, but I think that's the case. The state court made a finding here within the context of a margin hearing, so Petitioner himself had the ability to bring forth his complaints about his counsel. How do we know what happened at the margin hearing? Your Honor, we know what happened at the... Other than that the motion was denied. Well, I know in the briefing, Your Honor, and again, this is a case I picked up, but I know that in the briefing we do have the record that the court made the finding at the margin hearing, that in fact counsel had investigated this particular complaint, prior complaint by the victim, and was not able to get this out-of-state witness that he was trying to get. That finding is in our record? I know that it's in the briefing, Your Honor. That's what I can represent. It's in the briefing, Your Honor. In your brief? I believe it is, Your Honor. Do you want to show me where it is? I'm not saying it's not. Okay, fine. You wrote the brief. You can probably point me right to it. Did you write the brief? I did not write the brief, Your Honor, but I believe it's in here. This case was just handed to you at... On Wednesday afternoon, Your Honor, yes. You must be either really good or your office is under person. Maybe a little of both, Your Honor. Page 26. I shudder to think what it might be, Your Honor. Page 26, Your Honor. And I believe this was also in the state courts. It was in the state courts' opinion as well, Your Honor. You mean that quotation from the Court of Appeal? Yes. I don't know if they directly quoted the block like that, but yes, essentially that. It might have been exactly that. I read that, but I was curious where all the facts came from, such as unable to locate the witnesses and things like that it was referred to. Right. We certainly had to have a record of the margin herein, Your Honor. But what was presented to the court in terms of that, honestly, I do not know. Okay. Was there a charge of statutory rape here? Whether there was originally a charge of statutory rape, I would not know, Your Honor. But I know that in the end, that charge was not something he was brought to trial for. I'd be more than happy to answer. The minor. Yes. The victim was a minor. The victim, a 14-year-old girl. Okay. Any further questions? The Court is in for the questions. There will appear to be any. Thank you, Your Honor. Thank you. First of all, as we argued in the briefs, the victim repeatedly made herself available to be with the appellant alone after she made the allegation that he raped her. So that's something that disputes her testimony that it was forced. And our argument is that it was a consensual. Now, and the victim also came to the defendant's party, birthday party, even after the allegation of rape and had a good time at the party. Now, with respect to the second issue, I agree with Judge Trott that there's no real record in the Court of Appeals record that shows that the trial court made a factual determination after examining the trial attorney. You see, but the question is, whose responsibility is that? I mean, there was a Marsden hearing, and there are references to it in the state appellate record. So why haven't you provided us with the substance of the Marsden hearing? It was a sealed record. We handle sealed records all the time. That's correct, Your Honor. Have you seen it? No. I haven't seen the Marsden hearing transcript. Doesn't it appear that this issue was presented to the trial court in a Marsden hearing, and the trial court made a ruling that suggests that the other side is right? You were appointed to represent the petitioner on appeal? That's correct, Your Honor. So you have the record that was before the district court, and that's it? That's correct. But the Court of Appeals states that the court reasonably concluded that based on counsel's diligence in previous attempts and the difficulties associated with locating an out-of-state witness. Okay, let me just stop you right there. Difficulty associated with locating an out-of-state witness. This suggests to me that somebody raised that at the Marsden hearing, and this is precisely what they were looking at, that counsel must have given an explanation at the Marsden hearing as to why he was not proceeding with these allegations of prior sexual abuse. Well, it's unclear. Who else could have said that if there wasn't something in the record to suggest that? Well, I think the petitioner might have brought that fact up, that there's an out-of-state witness involved, and that there may be some difficulty in locating the out-of-state witnesses. Well, yeah. If your honors may give us time, we could try to locate the Marsden hearing. See, when I say you, it's not necessarily you personally, but it's your side. If you're going to try to perfect something like this, we've got to know what's in the Marsden hearing, and here there's a suggestion that there was a resolution of this issue in the Marsden hearing, and that's all we know. Right. And I asked the AG, Deputy AG, and he didn't have the Marsden hearing. So if the petitioner was pro se in the district court? That's correct, Your Honor. If you'd like us to supplement the record, we would try to locate the Marsden hearing transcript, Your Honors. Great. Thank you. The case just argued is submitted for decision, and we'll hear the next case for argument, which is United States v. Figueroa Ocampo.
judges: Schroeder, Pregerson, Trott